IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

BRIAN BURNSIDE,
    Petitioner,

v.

CHRIS WATKINS,
    Respondent.

Case No. 1:25-cv-1409

**Order**

Before the Court is Petitioner Brian Burnside's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1),[1] Motion for Leave to Proceed in forma pauperis (Doc. 2), Motion for Emergency Injunction (Doc. 3), and Motion for Emergency Stay of State Court Proceedings, (Doc. 4). For the reasons below, the Court SUMMARILY DISMISSES Petitioner's § 2241 Petition (Doc. 1), and dismisses his remaining motions as moot.

**I**

Petitioner is in the midst of criminal proceedings in the Circuit Court for Peoria County, Illinois. He argues (1) his due process rights are being violated

---

[1] Petitioner's Petition states his intent to file his Petition under 28 U.S.C. § 2254, however, as explained below, because Petitioner is not yet subject to a state court criminal judgment, he must proceed under 28 U.S.C. § 2241.

    Additionally, the Court notes that Petitioner has named Suzanne Patton and Jason Ramos as Respondents in addition to Sheriff Chris Watkins. A § 2241 Petition must be "directed to the person having custody of the person detained," 28 U.S.C. § 2243, which "is the person having a day-to-day control over the prisoner." *Robledo-Gonzales v. Ashcroft,* 342 F.3d 667, 673 (7th Cir. 2003); *see also, Rumsfeld v. Padilla,* 542 U.S. 426, 435, 442 (2004); *Wyatt v. United States,* 574 F.3d 455, 459–60 (7th Cir. 2009). Accordingly, Suzanne Patton and Jason Ramos are terminated as Respondents.

because he is being resentenced after previously being sentenced to time served in July 2023; (2) his plea agreement has been breached because at the change of plea hearing the judge stated there would be "no further court dates"; (3) he has been denied access to the courts because certain of his filings in state court have been stricken pursuant to state court rules; (4) his plea agreement was void because of a lack of subject matter jurisdiction; and (5) he is facing imminent harm because he is being held in jail and could be sentenced up to 13 years in prison.

The Court takes judicial notice of the dockets in his cases, case number 2022CF164 and 2021CF00779-1. *See Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012). The dockets, as well as the plea hearing transcript attached to Petitioner's Petition (doc. 1 at 5–20), show that Petitioner plead guilty in both cases on July 20, 2023. Petitioner argues that he was sentenced and a judgment was entered the same day. However, nothing in the dockets indicates that Petitioner was sentenced or that these cases were closed. No judgment was entered on the dockets, and Petitioner has not presented one in his filings here. A sentencing hearing was scheduled for September 30, 2025, but was vacated.

Nonetheless, the transcript of the plea hearing sheds some light on Petitioner's confusion. At the plea hearing judge stated that Petitioner "will be sentenced to a period — or to mental health court. And the terms and the conditions are those that he should comply with." (Doc. 1 at 16). The transcript overall makes clear that Petitioner was entering his plea of guilty so that he could be referred to mental health court. Pursuant to Illinois' Mental Health Court Treatment Act, mental health courts provide an "alternative to incarceration to address mental illness." 730 ILCS 168/5. As part of eligibility for the program, Petitioner would have been informed "that if [he] fails to meet the conditions of the mental health court program, eligibility to participate in the program may be

revoked and [he] may be sentenced or the prosecution continued as provided in the Unified Code of Corrections for the crime charged." 730 ILCS 168/25.

Petitioner highlights that the judge at the plea hearing said "That will satisfy your jail sentence," "no additional time required," "You don't go to prison," and "there are no further court dates." (Doc. 1 at 2). For the most part, the transcript makes clear that the judge was opining on what would likely happen to Petitioner in mental health court. Based on Petitioner's Petition, Petitioner may have been dismissed or voluntarily withdrawn from mental health court and is now facing his criminal proceedings being reinstated. *See* 730 ILCS 168/35(a).

Accordingly, the Court finds that Petitioner has not been sentenced and is not being held pursuant to a state court judgment at this time, making this Court's review pursuant to 28 U.S.C. § 2241 and limited by the *Younger* abstention doctrine. Generally, a petitioner must proceed with his claims through the regular state criminal proceedings and may raise claims through a 28 U.S.C. § 2254 federal habeas corpus petition only after a state conviction and after he has exhausted his claims in the state courts. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). Pursuant to the *Younger* abstention doctrine, this Court must abstain from interfering in a petitioner's pending state criminal case unless "exceptional circumstances" exist. *Stroman Realty, Inc. v. Martinez,* 505 F.3d 658, 662 (7th Cir. 2007). Exceptional circumstances have been found where there are constitutional violations of double jeopardy or the right to a speedy trial. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 492 (1973); *but see Neville v. Cavanagh,* 611 F.2d 673, 675 (7th Cir. 1979) (finding that district court correctly denied petition for writ of habeas corpus where petitioner sought "to derail a pending state criminal proceeding" rather than compel one as in *Braden*).

Here, Petitioner has not raised any exception circumstances that would require federal court intervention at this time. Moreover, Petitioner's claims rest

on his incorrect belief that he has already been sentenced to time served. However, as the record clearly refutes this belief, there is nothing further for this Court to consider.

## II

Should Petitioner wish to appeal this decision, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016). Here, the Court does not find that reasonable jurists could disagree that Petitioner's claims are meritless and/or barred by the *Younger* abstention doctrine. Accordingly, the Court declines to issue a certificate of appealability.

## III

For the reasons above, the Clerk is DIRECTED to recharacterize this case as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and terminate Suzanne Patton and Jason Ramos as Respondents.

The Court SUMMARILY DISMISSES Petitioner's § 2241 Petition (Doc. 1) and dismisses his remaining motions as moot. The Clerk is DIRECTED to issue judgement in favor of Respondent. This case is CLOSED.

*It is so ordered.*

Entered on October 6, 2025.

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE