IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

BRIAN BURNSIDE,
    Petitioner,

v.

CHRIS WATKINS,
    Respondent.

Case No. 1:25-cv-1409

**Order**

Before the Court is Petitioner Brian Burnside's Motion to Reconsider (Doc. 7), Supplemental Motion for Reconsideration (Doc. 8), Motion for Leave to Appeal *in forma pauperis* (Doc. 18) and Motion Compelling Answer and Status Report on Motion to Reconsider (Doc. 19).

**I**

Petitioner's Motion to Reconsider pursuant to Fed. R. Civ. P. 59(e) (Doc. 7) and Supplemental Motion (Doc. 8) asks the Court to reconsider its Order (Doc. 5), which summarily dismissed Petitioner's § 2241 Petition. The Court notes that despite Petitioner's subsequent Notice of Appeal (Doc. 11), pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A)(vi), this Court retains jurisdiction to decide the motion for reconsideration because Petitioner's notice of appeal will not take effect until the Court decides the motion to reconsider.

Rule 59(e) enables courts to correct their own errors and avoid unnecessary appeals. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (internal citation omitted). In order "[t]o prevail on a Rule 59(e) motion, the moving party must clearly establish (1) that the court committed a manifest error of law or fact,

or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (internal quotation omitted).); *see also*, *Vesely v. Armslist LLC,* 762 F.3d 661, 666 (7th Cir. 2014) ("[W]e have held that a Rule 59(e) motion is not to be used to 'rehash' previously rejected arguments"). "A 'manifest error' occurs when the district court commits a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal citation omitted).

These proceedings began when Petitioner filed his Petition (Doc. 1) arguing (1) his due process rights are being violated because he is being resentenced after previously being sentenced to time served in July 2023; (2) his plea agreement has been breached because at the change of plea hearing the judge stated there would be "no further court dates"; (3) he has been denied access to the courts because certain of his filings in state court have been stricken pursuant to state court rules; (4) his plea agreement was void because of a lack of subject matter jurisdiction; and (5) he is facing imminent harm because he is being held in jail and could be sentenced up to 13 years in prison.

As recounted in the Court's prior Order (Doc. 5), Petitioner was facing charges in case number 2022CF164 and 2021CF00779-1 in the Circuit Court for Peoria County, Illinois. He pled guilty in both cases and, at the plea hearing judge stated that Petitioner "will be sentenced to a period — or to mental health court. And the terms and the conditions are those that he should comply with." (Doc. 1 at 16). Pursuant to Illinois' Mental Health Court Treatment Act, mental health courts provide an "alternative to incarceration to address mental illness." 730 ILCS 168/5. As part of eligibility for the program, Petitioner would have been informed "that if [he] fails to meet the conditions of the mental health court program, eligibility to participate in the program may be revoked and [he] may be sentenced

or the prosecution continued as provided in the Unified Code of Corrections for the crime charged." 730 ILCS 168/25. Considering both Petitioner's plea transcript and the language in Illinois' Mental Health Court Treatment Act, the Court found that while Petitioner had been convicted of his crimes by pleading guilty, he had not been finally sentenced. And, based on Petitioner's Petition, Petitioner may have been dismissed or voluntarily withdrawn from mental health court and is now facing his criminal proceedings being reinstated. *See* 730 ILCS 168/35(a). The Court then found that Petitioner's claims were barred by the *Younger* abstention doctrine.

Petitioner now argues that the Court was incorrect and a final judgment had been entered in his criminal cases. Petitioner attaches an order from the state court that states a "partial plea" has been entered, that Petitioner pled guilty to the charges, and that he was "referred to Mental Health Court for participation and treatment pursuant to recommendation of the treatment team." (Doc. 7 at 5–6). The Court finds this state court order only reinforces the Court's previous findings; Petitioner pled guilty and was referred to Mental Health Court, but a final judgment was not entered. Accordingly, Petitioner's Motion to Reconsider (Doc. 7) and Supplemental Motion (Doc. 8) are denied. Petitioner's Motion Compelling Answer and Status Report on Motion to Reconsider (Doc. 19) is now moot, so the Court dismisses that motion.

## II

Petitioner has also filed a Motion for Leave to Appeal *in forma pauperis* (Doc. 18). The Court may authorize a petitioner to proceed on appeal without prepayment of fees if the Court finds he is unable to pay such fees and the appeal is taken in good faith. *See* Fed. R. App. P. 24. Petitioner has not submitted a copy of his prison trust fund ledger, so the Court is unable to discern whether Petitioner has any fees available for a full or partial payment on appeal. Regardless, the Court

does not find that the appeal is taken in good faith. An appeal is taken in good faith if "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (en banc). As explained in the Court's Order, Petitioner is not subject to a final judgment and his claims are currently barred by the Younger abstention doctrine. Accordingly, Petitioner's Motion is denied.

### III

For the reasons above, the Court DENIES Petitioner's Motion to Reconsider (Doc. 7), Supplemental Motion for Reconsideration (Doc. 8), and Motion for Leave to Appeal *in forma pauperis* (Doc. 18), and DISMISSES Petitioner's Motion Compelling Answer and Status Report on Motion to Reconsider (Doc. 19).

*It is so ordered.*

Entered on November 17, 2025.

<u>s/Jonathan E. Hawley</u>
U.S. DISTRICT JUDGE